### In re FARMERS' & MERCHANTS' BANK OF JONES.

### EBY v. WALTZ et al.

(Circuit Court of Appeals, Sixth Circuit. February 6, 1923.)

No. 3767.

1. Bankruptcy ⬅️140(3)—Trust fund held traceable into assets received by trustee.

Where Liberty Bonds were deposited with a bank by a special deposit, as shown by the passbook, though other general savings deposits were entered in the same book, and a number of such bonds exceeding the amount of the deposit, were pledged by the bank to secure a loan from another bank, and subsequently came into the possession of the trustee in bankruptcy of the first bank after they had been redeemed from the pledge by the receiver appointed by the state court for that bank, the trust fund was sufficiently traced to entitle the depositor to priority against it.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Bankruptcy ⟨⟩303(1)—Trustee must prove redemption of special deposit wrongfully pledged was at expense of general creditors.**

If a trustee seeks to defeat the right of special depositors to the proceeds of the special deposit on the ground that the Liberty Bonds so deposited, after having been wrongfully pledged by the bankrupt as collateral security for a note also secured by other assets, were redeemed at the expense of the general creditors, the burden is on him to prove that the assets rightfully pledged as collateral for that note were not of sufficient value to repay the amount spent to redeem the pledge.

Petition to Revise an Order of and Appeal from the District Court for the Western District of Michigan; Clarence W. Sessions, Judge.

In the matter of the Farmers' & Merchants' Bank of Jones, bankrupt. From an order of the District Court sustaining the claim of Daniel Waltz and others, as a prior claim against the proceeds of certain Liberty Bonds, U. S. Eby, as trustee of the bankrupt, appeals. Affirmed.

Geo. M. Valentine, of Benton Harbor, Mich., for appellant.

E. H. Andrews, of Three Rivers, Mich., for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. The only question sought to be presented by this record is as to whether a trust fund is so identified and followed as to justify preserving it for the beneficiaries as against general creditors. For the rules governing such identification, under analogous circumstances, see In re McIntyre (C. C. A. 2) 181 Fed. 955, 104 C. C. A. 419; Duel v. Hollins, 241 U. S. 523, 36 Sup. Ct. 615, 60 L. Ed. 1143.

[1] The trust fund property was composed of Liberty Bonds, deposited with the bank (later, the bankrupt), merely for safe-keeping, as is demonstrated by the express declaration on each deposit passbook given in exchange for the bonds. It is not material that ordinary savings deposits were afterwards occasionally credited upon the same passbooks, as was also interest accruing on the bonds. No lien or preference on account of such deposits or interest is claimed in this proceeding, or was intended by the opinion of the District Court. The bonds for which preference is now claimed aggregated about $5,500.[1] The bank took $6,300 of bonds of the same class, united them with $8,700 of its commercial paper, and sent the whole to its Detroit correspondent bank, as collateral security for a loan of $8,500. This was the situation when a receiver was appointed in the state court, and the bank ceased to exist as a going concern. With the amount realized in liquidation of the bank's other assets, the receiver paid the entire debt to the Detroit bank, and received back all the collateral. These bonds, amounting to $6,300, came to the trustee in bankruptcy.

[2] We see no plausible theory upon which the trust now claimed can be defeated, unless it might be said that the Detroit bank obtained a superior lien, which passed to the receiver of the state court upon its

---

[1] So counsel state. The record does not show, and is otherwise so imperfect that the appeal could well be dismissed for that reason. We prefer to assume that the total is less than $6,300, and dispose of the matter on the merits.

redemption. If this redemption had been at the expense of the general creditors, the theory would require a careful examination; but there is nothing to show that the collateral security thus redeemed by the receiver was not worth all it cost him to redeem it, without resorting to the bonds wrongfully pledged. Clearly it was the duty of all concerned to see that the general assets of the bank, rightly pledged as collateral security for the Detroit loan, were exhausted before resort was had to the bonds. Those general assets, upon their face, appeared to be sufficient to protect the bonds against the pledge, and if they were insufficient, and thereby the general unpledged assets of the bank have been depleted to get these bonds back where they belong, we think the burden was upon the general creditors, represented by the trustee, to show it. This results from an application of the elementary rule that one who relies upon an exception or upon an impeachment of the prima facie situation carries the burden of proof, and fails in his case if he does not discharge the burden. See, for a very late illustration, Hill v. Smith (January 15, 1923) 43 Sup. Ct. 219, 67 L. Ed. ——.

Upon the appeal, the order of the District Court is affirmed. The petition to revise, if there is one, is dismissed.[2]

---

[2] The printed record begins as if a petition to revise, but continues and ends as an appeal.