## CIRINO v. AMERICAN R. CO. OF PORTO RICO.

(Circuit Court of Appeals, First Circuit. August 23, 1923.)

No. 1533.

Exceptions, bill of ☞42—Where time for filing had expired, stipulation could not authorize filing.

Where term at which judgment was entered had expired without being extended by general rule or special order at time stipulation was filed allowing time for filing of bill of exceptions, and no stipulation made within the term extended time for filing the bill, the stipulation could not authorize its filing.

In Error to the District Court of the United States for the District of Porto Rico; P. J. Hamilton, Judge.

Action by Leocadia Cirino, as personal representative of Pedro Villanueva, against the American Railroad Company of Porto Rico. Judgment on directed verdict for defendant, and plaintiff brings error. On motion to strike out bill of exceptions. Motion allowed, and judgment affirmed.

Hugh R. Francis, of San Juan, P. R., for plaintiff in error.

Francis H. Dexter, of San Juan, P. R., for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is a writ of error to review a judgment for the defendant entered in the District Court of the United. States for the District of Porto Rico. The record discloses that Villanueva, an engineer operating a switching engine on defendant's railroad, was burned to death by a fire from gasoline, coming from cases of gasoline piled beside the track; that he was 35 years old and left a wife and five minor children, in whose behalf this suit was brought. The gist of the plaintiff's case was that the fire was caused by a collision of the engine with this pile of gasoline cases, due to the negligence of the switchman who should have seen that the cases were piled too near the track. The defendant's theory was that there was

no collision; that one of the gasoline cases spontaneously exploded just as the engine came opposite the pile. The court ordered a verdict for the defendant, and the plaintiff excepted. Numerous exceptions were also taken to the admission and exclusion of evidence at the trial.

We face a preliminary question—the defendant's motion to strike out the bill because not allowed within the trial term or any extension thereof.

The trial took place on May 14 and 15, 1920. The motion for a new trial was denied on July 31, 1920, and judgment for the defendant entered on that day. These proceedings were all had during the May term of 1920. In the next term, on January 31, 1921, the plaintiff filed a petition for a writ of error, with an assignment of errors, which was allowed on the same day by Judge Hamilton, who had presided at the trial. In the next or May term, 1921, the parties stipulated that the plaintiff be allowed until June 30, 1921, for the filing of a bill of exceptions, and the bill was filed on that day and was allowed on July 25, 1921. In August, 1921, a stipulation was filed, and allowed on August 25th by the court, extending the time for preparing the transcript for the record in this court; in this court the time for docketing the case was also extended by stipulation. But the term in which the judgment was entered was not extended either by general rule or by special order; and no stipulation made within that term extended the time for filing exceptions.

On this state of the record the defendant moves to strike out the bill of exceptions as allowed non coram judice. Plainly, if consent of parties, made after the term in which the judgment is entered, can estop a defendant, there is estoppel in this case; not on the ground that consent can ever give jurisdiction, but that consent may prevent jurisdiction lawfully obtained from being lost by mere lapse of time. Cf. Ex parte Bradstreet, 4 Pet. 102, 7 L. Ed. 796; United States v. Breitling, 20 How. 252, 15 L. Ed. 900; Muller v. Ehlers, 91 U. S. 249, 23 L. Ed. 319; Davis v. Patrick, 122 U. S. 138, 7 Sup. Ct. 1102, 30 L. Ed. 1090; Michigan Ins. Bank v. Eldred, 143 U. S. 293, 298, 12 Sup. Ct. 450, 36 L. Ed. 162; Waldron v. Waldron, 156 U. S. 361, 15 Sup. Ct. 383, 39 L. Ed. 453; Jones v. Grover, 131 U. S. cl, append. 24 L. Ed. 925; Hume v. Bowie, 148 U. S. 245, 13 Sup. Ct. 582, 37 L. Ed. 438; Jennings v. Railway Co., 218 U. S. 255, 31 Sup. Ct. 1, 54 L. Ed. 1031; O'Connell v. U. S., 253 U. S. 142, 146, 40 Sup. Ct. 444, 64 L. Ed. 827.

See, also, Blisse v. United States, 263 Fed. 961, where Judge Rogers of the Court of Appeals for the Second Circuit has recently cited and reviewed many of the cases dealing with this point in the various courts of appeal. But whatever the doctrine laid down in these cases, we are, of course, bound by the latest applicable decision of the Supreme Court, which is Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 Sup. Ct. 331, 66 L. Ed. 663. The case is, as to all matters now material, indistinguishable from the case at bar. The gist of the decision is found on page 369, of 258 U. S., on page 332 of 42 Sup. Ct. (66 L. Ed. 663), and is as follows:

"In the present cause the term as extended had expired before any action concerning the bill of exceptions was taken by either court or counsel. In

such circumstances the court had no power to approve it unless this could be conferred by mere consent of counsel. This they could not do. "Consent of parties cannot give jurisdiction to courts of the United States. Railway Co. v. Ramsey, 22 Wall. 322, 327. The policy of the law requires that litigation be terminated within a reasonable time and not protracted at the mere option of the parties. See United States v. Mayer, 235 U. S. 55, 70. We think the better rule and the one supported by former opinions of this court requires that bills of exceptions shall be signed before the trial court loses jurisdiction of the cause by expiration of the term or such time thereafter as may have been duly prescribed."

The motion to strike out the bill of exceptions is allowed, and the judgment of the District Court affirmed.