NORMAN W. BINGHAM, JR. & others, executors, *vs.*
COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.   November 22, 23, 1923. — May 21, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax*, On income. *Executor and Administrator. Statute*, Construction.

The word " income " as used in §§ 5, 7 and 9 of G. L. c. 62, may be said
to include the true increase in amount of wealth which comes to a per-
son during a stated period of time and imports an actual gain.   Per
RUGG, C.J.

The income of the estate of a deceased person which is subject to a tax
under G. L. c. 62, § 9, can refer only to such income as is received from
the body of capital after the death of such deceased person.

No income tax should be assessed by reason of a sale by an executor of
intangible personal property at a price which is less than the value of
the property at the time of the death of the testator, although the selling
price is greater than the cost of the property to the testator, who pur-
chased it after January 1, 1916.

It is a familiar principle of statutory interpretation that tax laws are to
be construed strictly against the taxing power; if the right to tax is
not plain, it is not to be implied.   Per RUGG, C.J.

COMPLAINT, filed in the Superior Court on January 26,
1923, under G. L. c. 62, § 47, for abatement of an income
tax assessed against the complainants as executors of the will
of King Upton, late of Marblehead.

The facts were agreed upon.   Material facts are described
in the opinion.   The complaint was reserved and reported
by *Wait*, J., upon pleadings and agreed facts, without
making any decision, for determination by this court.

*N. W. Bingham, Jr.*, for the complainants

*A. Lincoln*, Assistant Attorney General, for the respondent.

RUGG, C.J.   This is a complaint for the abatement of an
income tax.   The testator, of whose will the complainants
are executors, died on February 27, 1921.   After their ap-
pointment as executors and during 1921 the complainants
sold intangible personal property of the estate of the testator
at a considerable advance over its cost to the testator, who
acquired it subsequent to January 1, 1916, but at a price

less than its fair market value on the date of the death of the testator or at the time of the qualification of his executors. An income tax was levied on the difference between the cost to the testator and the amount realized from the sale by the executors.

The question for decision is whether, in case of a sale by executors, during the settlement of the estate, of intangible property owned by the testator at his death, the basis for ascertaining whether there has been a gain or a loss for income tax purposes is the value of such property at the time of the death of the testator or its value at the time of its acquisition by him.

The relevant statutes are in G. L. c. 62, as follows: " Section 5. Income of the following classes received by any inhabitant of the Commonwealth during the preceding calendar year shall be taxed as follows:

.      .      .      .      .      .      .      .      .      .

(c) The excess of the gains over the losses received by the taxpayer from purchases or sales of intangible personal property, . . . shall be taxed . . . "

" Section 7.  . . .  In determining gains or losses realized from sale of capital assets, the basis of determination, in case of property owned on January first, nineteen hundred and sixteen, shall be the value on that date, and in case of property acquired thereafter, the value on the date when it is acquired."

" Section 9.  The estates of deceased persons who last dwelt in the Commonwealth shall be subject to the taxes imposed by this chapter upon all income received by such persons during their lifetime, if assessed within the time limited by section thirty-seven, except income taxable under subsection (b) of section five.  The income received by the estates of such deceased persons shall be subject to all the taxes imposed by this chapter to the extent that the persons to whom such income is payable, or for whose benefit it is accumulated, are inhabitants of the Commonwealth . . . ."

The word " income " as used in these sections may be said to include the true increase in amount of wealth which comes to a person during a stated period of time.  It imports

an actual gain.   It is based on the practical conception that additional property has come to the taxpayer out of which some contribution is exacted and can be paid for the support of government.   Income indicates increase of wealth in hand out of which money may be taken to satisfy the enforced pecuniary contributions levied to help bear the public expenses.   It does not comprehend increase in the value of capital investment discernible only by estimation and not otherwise.   It refers simply to an increase in value realized by sales or conversion of capital assets.   *Tax Commissioner* v. *Putnam,* 227 Mass. 522, 526, 529, 530.   *Brown* v. *Commissioner of Corporations & Taxation,* 242 Mass. 242, 244. *Lapham* v. *Tax Commissioner,* 244 Mass. 40, 42.

These sections of the statutes in certain aspects differentiate between taxation of incomes of estates of deceased persons and of natural persons.   The terms of § 5 are comprehensive and include every inhabitant of the Commonwealth except as otherwise modified.   The terms of § 9 modify these broad terms.   They impose the tax upon all income received by deceased inhabitants during their lifetime to be paid by their estates; but the income received by the estates of such deceased inhabitants is made subject to the tax only to the extent that the persons ultimately benefited by such income are inhabitants within this jurisdiction. By § 10 a tax is imposed on the " income received by estates held in trust."   The income of estates thus taxed can refer only to that received from the body of capital after the death of the original owner.

Although the tax is exacted in these instances from the executor, administrator, or trustee, the person upon whom the burden of the tax finally rests is the beneficiary, and whether the tax shall be levied at all depends upon the residence of the beneficiary.   The right and interest of the beneficiaries in the property of the estate springs into existence at the death of the testator.   *Treadwell* v. *Cordis,* 5 Gray, 341, 352, 353.   *Minot* v. *Amory,* 2 Cush. 377. *Hooper* v. *Bradford,* 178 Mass. 95.   *Old Colony Trust Co.* v. *Treasurer & Receiver General,* 238. Mass. 544, 548.

The executor or administrator, while in some respects holding in the right of the deceased, has title in his own right. He is the owner of the personal estate of the deceased although in a fiduciary capacity. The mere fact that the residence of the decedent was within the Commonwealth does not under general principles of law render his personal estate subject to taxation here where such estate is not actually within the Commonwealth and the executor or administrator who is its owner is a nonresident. *Putnam* v. *Middleborough,* 209 Mass. 456. *Dallinger* v. *Rapello,* 14 Fed. Rep. 32, where the opinion was written by a former chief justice of this court.

The decedent did not receive any income by the passage of his property on his death to his executor. The executor became on his appointment accountable for the actual value of the estate. *Dudley* v. *Sanborn,* 159 Mass. 185, 188. G. L. c. 206, § 5. He received no profit or income arising from sales of intangible personal property on the estate between his own acquisition of the estate and the sale of the property in question. None of the beneficiaries of the estate has or can receive any such income. No such income accrued.

There are numerous cases where the acquisition of title by the personal representatives of a deceased person is recognized as a distinct transfer of title. *Laighton* v. *Brookline Trust Co.* 225 Mass. 458, 460. Said Chief Justice Shaw in *Lawrence* v. *Wright,* 23 Pick. 128, 129, " The personal property of a deceased person vests in the executor or administrator; and when an administrator is appointed, the appointment relates back and vests the property in him from the decease of the intestate." In *Jewett* v. *Smith,* 12 Mass. 309, questions arose touching the right of a sheriff to seize goods of a deceased debtor on an execution issued and delivered to the sheriff before the death but upon which the sheriff had taken no further action during the life of the debtor. It was said at page 310, " The judgment debtor ceased to have any property in the chattels at his death. The property may be considered in abeyance until administration is granted, and is then vested in the administrator, by relation,

from the time of the death." It has been held that the estate of a decedent and the deceased person himself were separate for purposes of taxation. " The decedent and his estate have long been regarded as separate taxable entities." *Bankers' Trust Co.* v. *Bowers,* 295 Fed. Rep. 89, 94.

The Commonwealth receives by way of succession and legacy taxes under G. L. c. 65, a contribution from the estate of the decedent, which the General Court may have regarded as all that should be exacted in circumstances like the present.

It is a familiar principle of statutory interpretation that tax laws are to be strictly construed against the taxing power. If the right to tax is not plain, it is not to be implied. Doubts are resolved in favor of the taxpayer. *Eaton, Crane & Pike Co.* v. *Commonwealth,* 237 Mass. 523, 530, and cases there collected. *United States* v. *Merriam,* 263 U. S. 179, 188. The statute under which the present tax was assessed does not include within its terms the right to levy such a tax. Therefore the tax cannot stand. It is abated as a whole. The amount of the tax paid is to be repaid to the complainant by the State treasurer with interest at the rate of six per cent per annum from the time when the tax was paid, and costs. G. L. c. 62, § 47.

*So ordered.*