DUNCAN v. JOHNSTON & CO. et al.

(Circuit Court of Appeals, Sixth Circuit. January 6, 1925.)

No. 4243.

1. **Bankruptcy ⬤�côℴ440—Order dismissing petition for reclamation of property is reviewable by appeal.**

An order of the District Court, affirming the action of a referee in dismissing a petition for reclamation of property from the trustee, is reviewable on appeal and not by petition to revise.

2. **Bankruptcy ⬤⟶455—Informal decree dismissing petition held appealable; "final decree."**

A memorandum opinion of the District Judge, on review of an order of a referee, which is entered on the record and concludes with a dismissal of the petition for review, is in effect a "final decree" and is appealable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

3. **Bankruptcy ⬤⟶140(3)—Depositor of bonds with bankrupts held entitled to reclaim other bonds bought with their proceeds.**

Petitioner deposited Liberty bonds with bankrupts for safe-keeping, and bankrupts, without authority, pledged the same with other securities as collateral security for a debt of their own. After bankruptcy the pledgee sold some of the securities, but turned over to the trustee Liberty bonds of the same value and the same series as those of petitioner, and which, while not the identical bonds, were directly traceable as proceeds of those originally deposited. Held, that petitioner was entitled to reclaim such bonds as against the trustee, but that the right was subject to the claims of owners of other securities, wrongfully pledged with them and sold, for contribution.

Appeal from the District Court of the United States for the Western District of Kentucky; Charles H. Moorman, Judge.

In the Matter of Johnston & Co., bankrupt; C. W. Johnson, trustee. From a decree of the District Court dismissing her petition to reclaim property, Sallie B. Duncan appeals, and also files a petition to revise. Petition to revise dismissed, and decree reversed and remanded, with directions.

A. C. Van Winkle, of Louisville, Ky. (James Garnett, of Louisville, Ky., on the brief), for appellant.

Emile Steinfeld, of Louisville, Ky. (Morris B. Gifford and Isaac L. Steinfeld, both of Louisville; Ky., on the brief), for appellees.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

MACK, Circuit Judge. Appellant had an account with bankrupts, buying and selling for cash and not on margin, investment securities. Her account at all times had a substantial credit balance. In May and June, 1922, she delivered to bankrupts, for safe-keeping until ordered sold, one $1,000 Second, and ten $1,000 Fourth, Liberty bonds; the serial numbers were not known. Without her knowledge or consent, bankrupts wrongfully pledged them as collateral. Pledgees carried $1,000 worth of Second and $10,000 worth of Fourth Liberties together with other kinds of securities at all times in bankrupts' account, but no specific serial numbers or indeed bonds of specific denominations were allocated to the account. Bankrupts did not hold for or owe to any customer other than appellant any Second or Fourth Liberty bonds.

Pledgee, Post & Flagg, in liquidating the account, sold out some of the other securities deposited with them by bankrupts; after bankruptcy, on settlement of the bankrupts' account, one $1,000 Second Liberty and one $10,000 Fourth Liberty bond, together with a cash balance and other securities, were delivered to the receiver and by him to appellee-trustee in bankruptcy.

Appellant's petition for the delivery to her of these Liberty bonds was denied by the referee; a petition to revise was dismissed by the District Judge. Petitioner appeals from and also petitions to revise this order of dismissal. Respondents move to dismiss the petition to revise on the ground that a proper order of the District Court would be reviewable only on appeal, and appellees move to dismiss the appeal on the ground that only an opinion but no final order has been entered.

[1] 1. The petition to revise this order of the District Court will be dismissed; the cause is properly before us on appeal. Re National Discount Co. (C. C. A. 6) 272 F. 570.

[2] 2. The decree dismissing the petition to revise the referee's order was informal; it was in substance a memorandum opinion, but as it was not merely filed as a paper in the cause, but entered on the record and concludes not with a direction to dismiss but with a dismissal of the petition to revise, it suffices as a final and appealable decree. Motion to dismiss the appeal is denied.

[3] 3. The identical bonds delivered to the bankrupt are not on hand; an equivalent amount of exactly like character is now in the possession of the trustee, and they are,

moreover, directly traceable as the proceeds of those originally delivered.

It is conceded that if stock certificates instead of bonds were involved, appellant, as against the trustee representing general creditors, would be entitled to them, whether on the ground of practical identification of fungible articles (Duel v. Hollins, 241 U. S. 523, 36 S. Ct. 615, 60 L. Ed. 1143), or on the analogy of following trust funds. On either basis, however, there would be an obligation of contribution in favor of such owners if any, of the securities sold out by Post & Flagg after bankruptcy as are in appellant's class in relation to the bankrupt. See Oppenheimer Stockbrokerage Bankruptcies, 37 Harvard Law Review, 860.

The referee, however, held, and appellees contend, that bonds are unlike stock certificates; that the former are or are analogous to chattels, like automobiles of a given make, model, and year, each with its own identity and individuality, although for most purposes indistinguishable from one another, while the latter are but tokens of an incorporeal undivided interest in a corporation; that therefore the principles of identification, if not of tracing, are inapplicable; and that as the originally deposited bonds are not on hand, there can be no recovery.

The right to trace, and, even without tracing, to obtain like stock certificates on hand is not, however, due to their character as tokens of a chose in action, but to their interchangeability—their fungible nature. In truth, the serial number of a stock certificate identifies it exactly as does the serial number of a bond; in the one as in the other this identification may for some purposes be vital. Oppenheimer, supra, page 868.

But in so far as such certificates are agreed or are deemed in law to be fungible, negotiable bonds, at least those of the same issue and maturity must likewise be treated as fungible property; we find no basis for a differentiation between the two kinds of securities. In Re Farmers' & Merchants' Bank of Jones (C. C. A. 6) 286 F. 924, negotiable bonds were involved and the record in that case, as in the instant case, does not show that the bonds on hand were the identical ones originally deposited. It follows therefore that as between appellant and the trustee in bankruptcy the former is entitled to the bonds.

But inasmuch as at the time of the filing of the petition in bankruptcy they were in the hands of a bona fide pledgee as collateral, with other securities, for the bankrupts'

debt, and, being negotiable instruments, were subject to the pledgee's lien, appellant's right of reclamation, good as against general creditors, is subject to possible contribution. And a claimant of some of the securities 'sold by the pledgee has answered the petition and set up his right to contribution as one similarly situated to appellant, to which answer appellant has replied.

In our judgment, when it is apparent that there are or may be other claimants either to the securities themselves or to contribution therefrom because of the bankrupts' similarly wrongful pledge and the sale thereof by the pledgee after the bankruptcy, an omnibus proceeding should be brought by the trustee to have conflicting interests to the securities in his hands determined, and to have those failing to appear therein barred from further claims thereto. In re Toole (C. C. A. 2) 274 F. 337, 24 A. L. R. 470; In re Irving Whitehouse Co. (C. C. A. 9) 293 F. 287.

The decree dismissing the petition to revise the referee's order dismissing the original petition will be reversed, and the cause remanded, with directions to grant the prayer of such petition, subject, however, to such obligation of contribution as may be determined in omnibus proceedings or otherwise; enforcement of the order for delivery of the bonds to appellant to be stayed in the discretion of the District Court until payment of such contribution, if any, as may be so determined.