**BANKERS' TRUST CO. v. BOWERS, Collector of Internal Revenue.**

District Court, S. D. New York. January 30, 1928.

**1. Internal revenue ⊚7(3)—Estate is taxed as fund being administered for the living and not as property still owned by decedent (Revenue Act 1926, § 219 [26 USCA § 960]).**

In Revenue Act 1926, § 219 (26 USCA § 960), an estate is treated as a fund in course of administration for the living, and not as property still owned by the dead.

**2. Internal revenue ⊚7(11)—Income of estate from sale of property acquired by decedent is to be computed on its value at decedent's death, and not its cost to him (Revenue Act 1926, § 219, subd. [a], being 26 USCA § 960).**

Under Revenue Act 1926, § 219, subd. (a), being 26 USCA § 960, imposing a tax on "income received by estates of deceased persons during the period of administration," the estate is treated as an entity distinct from decedent, and profits on the sale of property acquired by decedent in his lifetime and sold by his estate after his death are to be calculated for income tax purposes on the value of the property at the time of death, and not on its cost to decedent in his lifetime.

**3. Internal revenue ⊚7(11)—Within meaning of statute, property of estate is property of beneficiaries acquired by bequest, devise, or inheritance (Revenue Act 1926, § 204, subd. [a], par. 5 [26 USCA § 935]).**

The provision of Revenue Act 1926, § 204, subd. (a), par. 5 (26 USCA § 935), that the basis for determining the gain or loss from sale of property acquired by bequest, devise, or inheritance shall be the fair market value of the

property at the time of such acquisition by a fair construction includes the property of an estate as property thus acquired by the beneficiaries, though it is still in process of administration.

At Law. Action by the Bankers' Trust Company, as executor of the will of Mary B. Brower, deceased, against Frank K. Bowers, Collector of Internal Revenue. On motion to dismiss complaint. Denied.

On motion to dismiss complaint in an action brought by the plaintiff, as executor, to recover payment of additional federal income taxes assessed against the estate of Mary B. Brower, deceased. Plaintiff, as executor, returned as taxable income of the estate of Mary B. Brower, for the calendar year 1926, the difference between the prices at which certain bonds and real estate had been sold by it as executor and the value of these properties on the date of the decedent's death. An additional assessment was computed upon the difference between the selling price and the original cost to the decedent. This assessment was paid, and, a claim for refund having been denied, is now sought to be recovered.

White & Case, of New York City (Joseph M. Hartfield, Russell D. Morrill, and William T. Morson, all of New York City, of counsel), for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for defendant.

THACHER, District Judge (after stating the facts as above). The sole question is whether profits upon the sale of property, acquired by a decedent during his lifetime and sold by his estate, after his death, are to be calculated for income tax purposes upon the value of the property as of the time of death, or upon its cost to the decedent during his life.

By section 219 (a) of the Revenue Act of 1926 (26 USCA § 960, subd. [a]) the income tax imposed upon individuals is applied to "the income of estates," including income received by estates of deceased persons during the period of administration or settlement of the estate, and it is provided by section 219 (b), being 26 USCA § 960, subd. (b), that the tax shall be computed "upon the net income of the estate." Thus the estate is taxed as an entity distinct from the decedent. Bankers' Trust Co. v. Bowers, 295 F. 89, 94, 31 A. L. R. 922 (C. C. A. 2d); Catherwood v. U. S. (D. C.) 280 F. 241. And it is the income, not the corpus of the estate, which is taxed.

[1] Speaking generally, estates of deceased persons are treated in section 219 as estates held in trust for beneficiaries, and it is quite manifestly the intent of this section to treat the estate as a fund in course of administration for the living, not as property still owned by the dead. Hence the tax is imposed upon the income of estates, not upon the corpus of estates, and not upon property which, if received by the decedent during his lifetime, would have constituted income in his hands.

[2] What, then, is income of a decedent's estate within the meaning of section 219? At the instant of death all the property of the decedent constitutes the corpus of his estate, which, subject to the payment of debts, belongs to those who take by bequest, devise, or inheritance. At the instant of death the capital of the estate is all-inclusive. There is no income, and income thereafter derived from the sale of property owned by the decedent is income derived from the sale of capital assets, which under the rule in Doyle v. Mitchell Bros. Co., 247 U. S. 179, 165, 38 S. Ct. 467, 62 L. Ed. 1054, cannot exceed the actual gain over capital value. See, also, Bingham v. Long, 249 Mass. 79, 144 N. E. 77, 33 A. L. R. 809.

[3] But it may be asked whether the ordinary meaning of the words "the income of estates" is qualified by any other provisions of the statute which disclose an intention to treat as taxable income which is not strictly "income of the estate." In this connection reference is made to section 204 (26 USCA § 935), which so far as pertinent provides:

"Sec. 204 (a). The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

*   *   *   *   *   *   *

"(5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition.   *   *   *"

In this connection section 213 (26 USCA § 954) is pertinent. Section 213 (a) defines gross income to include gains from sales or dealing in property, and section 213 (b) provides:

"(b) The term 'gross income' does not include the following items, which shall be exempt from taxation under this title.

*   *   *   *   *   *   *

"(3) The value of property acquired by gift, bequest, devise, or inheritance (but the

income from such property shall be included in gross income)."

Section 204 (a) is general in its terms. Primarily it applies only to the taxing of individuals. It does not specifically apply to the computation of the tax imposed by section 219 (a) upon the income of estates, which is to be computed upon the net income of the estate. Furthermore, section 204 (a) refers to cost of property sold, without further definition of what is meant by the term "cost." It is to be inferred that by "cost" is meant cost to the taxpayer, the person whose income is being determined for the purpose of taxation. Unless the term is so limited the language used is devoid of any meaning, and if so limited the provision can have no application to the sale of part of the corpus of an estate. The estate is held by fiduciaries for the benefit of living beneficiaries. It is the income received by the estate for their benefit which is subjected to taxation by section 219, and it is quite unreasonable to suppose that section 204 (a) was intended to have any application in such cases, for this would defeat the declared intention of section 219 to impose the tax solely upon the net income of the estate, and would subject to taxation property held for others, not as income, but as principal.

Although the general rule declared in section 204 (a) is that gain or loss from the sale of property acquired after February 28, 1913, shall be the cost of such property, Congress was careful to except from the operation of this rule property acquired by bequest, devise, or inheritance; the basis for determining the gain or loss from the sale of such property being fixed at the fair market value thereof at the time of its acquisition. Section 204 (a) (5). Property left by a decedent, which becomes part of his estate, is not acquired by his personal representatives by bequest, devise, or inheritance, and hence the government argues that income derived by executors from the sale of such property is not within the exception. But in so far as any beneficial interest is concerned such property is acquired by the beneficiaries by bequest, devise, or inheritance, and it is not an unreasonable interpretation to hold the language of the exception broad enough to cover property thus acquired, although the estate is still in the course of administration. For tax purposes the distinction between the estate and the decedent is real, but that between the estate and its beneficial owners is artificial, and, if necessary to effectuate the intent of the statute, there should be no hesitancy in holding property held by executors within the meaning of the words "acquired by bequest, devise or inheritance," as used in section 204 (a) (5).

The argument for the defendant, erroneously, I think, seeks to extend the general provisions of section 204 (a) to the sale of assets of an estate by executors, stretches the language of that section so that the word "cost" includes, not cost to the taxpayer whose income is subjected to taxation, but cost to a predecessor in title, and then by strict and formal construction excludes from the exception property the equitable, if not the legal, title to which has been acquired "by bequest, devise or inheritance." The result is unreasonable. If in the administration of the estate it becomes necessary to sell property, the resulting gain or loss accrues to beneficiaries who have acquired their interest by bequest, devise, or inheritance. If such sales are not necessary, the property will pass in kind to the beneficiaries. In the one case gain or loss is calculated upon cost to the decedent, and in the other upon value when he died. There is no sense in such distinctions. If Congress had intended to tax the mere appreciation of capital assets unrealized by sale during the decedent's life, such gains would have been taxed whenever realized by the beneficiaries of his estate, not merely if realized by his executors. The result is unfair, because it imposes a double tax upon the accretion in value during the decedent's life; i. e., an estate tax upon the value of the property at death and an income tax upon the accretion in value prior to death, realized by sale after death. Such duplication is to be avoided unless required by express words. U. S. v. Supplee-Biddle Co., 265 U. S. 189, 44 S. Ct. 546, 68 L. Ed. 970.

The construction contended for is contrary to the established practice, consistently followed by the Treasury Department until after the enactment of the Revenue Act of 1926. Prior to the passage of that statute, on February 26, 1926, the consistent practice of the department, pursuant to which the income of estates resulting from the sale of property during the period of administration was computed upon the basis of value at the time of death, was never questioned in the decision of any court which has been called to my attention. Provisions precisely similar in effect, so far as that practice is concerned, to the provisions of section 204 (a) of the Revenue Act of 1926, are found in section 202 of the Act of 1918 (Comp. St. § 6336⅛bb). This consistent departmental construction is persuasive evidence of the intention of Congress that the tax imposed

by section 219 of the Revenue Act of 1926 was intended to be confined to the income of estates as that phrase had been construed under prior statutes, and that the provisions of section 204 (a) were not intended to limit this meaning and construction of section 219. Under the Revenue Act of 1926 the departmental practice and construction continued as before, and it was not until after the decision of the Court of Claims in McKinney v. United States, 62 Ct. Cl. 180, rendered May 3, 1926, and after the government's petition to the Supreme Court for a writ of certiorari to review that decision had been denied (273 U. S. 716, 47 S. Ct. 108, 71 L. Ed. ——), that the present practice of the department, of which the case at bar is an instance, was inaugurated. With due respect for the decision of the court in the McKinney Case, I am constrained to reach a contrary conclusion.

I am unable to reconcile that decision with what was said in the same court quite recently in the case of Nichols v. United States, Ct. of Claims No. F–81, decision rendered November 7, 1927, reported in U. S. Daily, November 16, 1927. The question there presented was whether the decedent's distributive share of commissions on sales, earned prior to his death by a partnership of which he was a member and paid over to his executors after his death, constituted income of his estate subject to income tax. It was held that the decedent's share of these commissions was not taxable as income to his estate. In the course of its opinion the court said:

"It thus appears that the one item has been treated as part of the value of the gross estate for estate tax purposes, and as part of the gross income of the estate for income tax purposes, and the question for decision is whether it can be made to serve in both these capacities. We think the answer must be in the negative."

The court also said:

"When, therefore, an item is properly determined to constitute a part of the gross estate of a decedent for estate tax purposes, it cannot by any sort of reasoning be made to constitute a part of the income of the same estate. It is a part of the corpus. The income of an estate which the statute taxes is, generally speaking, the income which accrues after the estate begins, and it begins with the decedent's death."

In the Nichols Case it was contended in behalf of the government that "there can be no capital in the estate, unless that which constitutes the capital item has first been treated as income either of the decedent or of the estate." This contention was rejected by the court, and it was held that the distributive share of the commissions was not taxable as income of the estate.

I am impressed with the soundness of the views expressed by the court in the Nichols Case, and am constrained to conclude, contrary to the decision in the McKinney Case, that the value of the property at the time of death, not the cost thereof during decedent's life, was the proper basis for computing the tax here involved. Accordingly the defendant's motion to dismiss the complaint, as not stating a cause of action, is denied.