McCANN et al. v. UNITED STATES.
No. K–64.

Court of Claims.
April 6, 1931.

A. Donald MacKinnon, of New York City (Murray, Aldrich & Webb, of New York City, on the brief), for plaintiffs.

George H. Foster, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

448

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

■ This suit is brought by the administrators of the estate of John William Cooke, who inherited an undivided one-eighth interest in certain real estate in the city of New York under the will of William Washington Cole, who died March 10, 1915, to recover an assessment of additional income taxes based on the increased value of the property at the time of sale over the appraised value placed on it at the time of the death of Cole. The plaintiffs contend the value of the property in March, 1913, should be compared with the sale price received in 1920 which would show a loss sustained instead of a gain derived. But Cooke had no interest in the property in 1913. The only interest he acquired was under the will of Cole, and that interest vested immediately upon the death of Cole. The value of his interest was an undivided one-eighth of the total value of the property at that time. The appraisal of the property by the State authorities for inheritance-tax purposes placed a value of $800,000 on the property at the death of Cole. Cooke's interest was one-eighth of that amount, or $100,000. Cooke died 18 days after the devise had vested. The plaintiffs are the ancillary administrators de bonis non of his estate and as his representatives are entitled to receive his interest in the estate of Cole. No immediate distribution of this property was made by the executor of Cole. It was held by the executor until 1920, when it was sold for $978,001.58, or a net gain of $178,001.58 over the appraisal made at the death of Cole. The mortgages taken in part payment were not disposed of until 1923, and then distribution was made by the executor of Cole of the proceeds of sale. The estate of Cooke received one-eighth of the $978,001.58, or $122,250, an increase of $22,250 over the value of the property when acquired by Cooke upon the death of Cole. The Commissioner of Internal Revenue assessed a tax on this increase as income to the estate of Cooke. The taxable year is 1920 and the revenue act of 1918 is applicable. The corpus of the devise is exempt from taxation, but the income from such property is subject to tax. Section 213 (b) (3), 40 Stat. 1057, 1065. The regulations specifically provide that where there is no appraised value for federal estate tax purposes "its value as appraised in the State court for the purpose of State inheritance taxes should be deemed to be its fair market value when acquired." Article 1562, Reg. 45.

■ Immediately upon the death of the owner, title to his real estate passes to his heirs or devisees. The value at the time of Cole's death is the basis for the ascertainment of gain or loss on the sale of real estate. That is the time of acquisition. Under the will of Cole, his executor had the power of sale of the real estate for distribution, but the title of Cooke vested at the time of death of Cole and its value as of that time is the basis on which the tax should be computed. Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457.

The plaintiffs contend the Elmhirst Case, 38 F.(2d) 915, 69 Ct. Cl. 295, and the McKinney Case, 62 Ct. Cl. 180, decided by this court sustain their position. But there is no merit in this contention. In the Elmhirst Case, supra, it was held that the cost to the testator of property purchased after March 1, 1913, was the basis of computing gain or loss when sold by his estate and the ownership by the testator during his lifetime and his estate afterwards was an entity. In the McKinney Case, supra, the property had been purchased prior to March 1, 1913, and sold by the executors. This court held that the cost to the testator was the basis of computing the gain derived or the loss sustained from the sale. It was the difference between the original investment and the sale price and not the market value of the property on the date of the death of the testator. In this case the court treated the holdings of McKinney during his lifetime and his estate as an entity. These cases are entirely different from the case under consideration. Neither Cooke nor his estate had any interest in the property before March 10, 1915, and no purchase was made by Cooke. He acquired his interest under the will of Cole in 1915. The estate of Cole is in no way involved in the question before us and only the estate of Cooke is under consideration. There is a clear demarcation between the McKinney and Elmhirst Cases, supra, and the case at bar. The Commissioner was correct in assessing the tax and the complaint should be dismissed. It is so ordered.